OPINION
{¶ 1} Defendant — appellant Richard Rice [hereinafter appellant] appeals his September 4, 2002, conviction on one count of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(d), and one count of possession of drug paraphernalia, in violation of R.C.2925.14(C)(1). Appellant also appeals the Judgment Entry which overruled his motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 7, 2002, two officers of the Newark Police Department were dispatched to appellant's home on a domestic violence complaint. The complaint was placed by appellant's wife and was against appellant's stepdaughter. Upon arriving at the home, appellant and his wife were found in the front yard. The police officers spoke with appellant and his wife regarding the domestic situation. The officers then asked appellant and his wife to step away so the officers could speak with appellant's stepdaughter. While speaking with the officers, the stepdaughter alleged that a large quantity of drugs was concealed by appellant in the home. She said the drugs were in the safe.
 {¶ 3} The police officers approached appellant, who was standing at a side door to the house, to speak with him. The officers were invited into appellant's home. While investigating the domestic violence allegation, the officers mentioned what the stepdaughter had stated concerning drugs. Appellant denied that there were drugs in the house and told the police they could look anywhere they wanted. The police officers asked appellant if he would show them around, and appellant led the officers upstairs. While looking around upstairs, appellant denied owning a safe or anything that might be considered a safe.
 {¶ 4} Subsequently, one of the officers went outside to speak with the stepdaughter while another officer stayed with appellant. During that time, appellant displayed signs of nervousness, such as sweating and shaking hands. After receiving more information from the stepdaughter that the safe was in appellant's bedroom on the ground floor, the officers asked to look in appellant's bedroom. Appellant's wife agreed and the police found a file box with a built-in combination lock in the exact place that the stepdaughter said it would be. The officers asked what was in the safe, but neither appellant nor his wife had an answer.
 {¶ 5} One of the officers then told appellant that he was sure there were drugs in the safe. Appellant did not deny that there were drugs in the safe. The officers continued to talk to appellant in a polite, calm manner. Eventually, appellant stood up and stated that there were five pounds of marijuana in the safe. However, appellant first stated that he did not have the combination to the safe. Appellant then admitted that he did know the combination and opened the safe for the police officers. Inside the safe was a large amount of marijuana and drug paraphernalia. Appellant was arrested and read his Miranda rights. The entire event took approximately 45 minutes.
 {¶ 6} On April 12, 2002, appellant was indicted on one count of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(d), a felony of the third degree, and one count of possession of drug paraphernalia ("pipes and/or clean out rods and/or rolling papers"), in violation 2925.14(C)(1), a misdemeanor of the first degree. On June 13, 2002, appellant filed a motion to suppress. An oral hearing was held on July 30, 2002. Upon conclusion of the hearing, the trial court denied appellant's motion to suppress. A Judgment Entry, captioned Findings of Fact and Conclusions of Law, was filed on August 13, 2002, in which the trial court denied appellant's motion to suppress and stated its findings and conclusions.
 {¶ 7} On September 4, 2002, appellant entered a plea of no contest to the charges. The trial court found appellant guilty and sentenced appellant to the mandatory, minimum sentence of one year of imprisonment and a $5,000.00 fine.
 {¶ 8} It is from the conviction and denial of the motion to suppress that appellant appeals, raising the following assignment of error:
 {¶ 9} "The trial court committed harmful error in denying the motion to suppress filed on behalf of the defendant-appellant."
 {¶ 10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning
(1982), 1 Ohio St.3d 19,. 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; and Guysinger, supra.
 {¶ 11} Appellant does not challenge the factual conclusions reached by the trial court as being against the manifest weight of the evidence nor maintain that the trial court failed to apply the correct law. Appellant argues that the trial court failed to reach the proper conclusion when applying the law to the relevant facts. Therefore, this court will independently determine whether the facts meet the appropriate legal standard.
 {¶ 12} The warrantless entry and search of a residence is presumptively unreasonable under the Fourth Amendment. Payton v. New York
(1980), 445 U.S. 573, 586, 63 L.Ed.2d 639, 651. One established exception to the warrant requirement is a search conducted pursuant to consent.Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219, 36 L.Ed.2d 854,858. In order to rely upon a purported consent to search, the State must demonstrate by clear and positive evidence that consent was freely and voluntarily given. State v. Posey (1988), 40 Ohio St.3d 420, 427,534 N.E.2d 61, certiorari denied (1989), 492 U.S. 907, 106 L.Ed.2d 567. "[W]hether a consent to search was in fact `voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Schneckloth v.Bustamonte, 412 U.S. at 227, 36 L.Ed.2d at 862-863.
 {¶ 13} Appellant acknowledges that appellant consented but argues that the consent was not freely and voluntarily given. Appellant points to his physical reaction to the situation (sweating, shaking and difficulty entering the correct combination when opening the safe), the nature of the circumstances and the officers acknowledgment that their intent was to convince appellant to open the safe. Appellant also asserts that the consent was not freely and voluntarily given because appellant was not read his Miranda rights before appellant's consent or the search, not told that he did not have to assist the officers, and not told that he did not have to open the safe.
 {¶ 14} We will first address appellant's argument that the consent was involuntary because he was not read his Miranda rights prior to the consent or the search nor told that he was not required to assist or cooperate with the police. We find appellant's arguments are meritless.
 {¶ 15} The warnings set forth in Miranda v. Arizona (1966),384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602, are required only when a suspect is subjected to custodial interrogation. The United States Supreme Court defines custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id. at 444. Accordingly, police are not required to administer Miranda
warnings to every individual they question. Oregon v. Mathiason (1977),429 U.S. 492, 50 L.Ed.2d 714, 97 S.Ct. 711; State v. Biros (1997),78 Ohio St.3d 426, 440, 678 N.E.2d 891. In the present case, appellant was not under custodial interrogation at the scene of the incident, therefore Miranda warnings were inapplicable. Further, the Miranda
warnings have no direct bearing on the issue of consent since consent is not interrogation nor a statement to police. State v. Lee (Oct. 31, 1997), Greene App. No. 96 CA 115, 1997 WL 674657.
 {¶ 16} Appellant also points this court to the police officers' failure to inform appellant that he did not have to assist the officers or open the safe. In Schneckloth v. Bustamonte (1973), 412 U.S. 218,93 S.Ct. 2041, 35 L.Ed.2d 854, the United States Supreme Court held that knowledge of the right to refuse consent to search is but one factor to take into consideration in the totality of the circumstances but is not determinative in and of itself of voluntariness.
 {¶ 17} In reviewing the totality of the circumstances, we find that appellant's consent was freely and voluntarily given. Appellant and his wife requested that the police come to their house because of the problem they were having with appellant's stepdaughter. Appellant offered to allow the police to search without the police asking to search thereby volunteering to have his home searched. In addition, appellant's wife was willing to allow the police to search. As to the nature of the circumstances involved, appellant was in his own home, with his wife, and only two police officers were involved. Testimony at the hearing on the motion to suppress showed that the police maintained a polite, calm attitude throughout the process. Further, there is no indication that the physical reaction precluded appellant from freely giving consent. Rather, the reaction appeared normal under the circumstances and more likely caused by appellant's possession of drugs than any alleged coercion by police.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
By Edwards, J. Farmer, P.J. and Boggins, J. concur.
In Re: Motion to Suppress — Poss. of Marijuana.